# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST WOODALL, | Civil Action No. 13 - 291 |
| Petitioner, | |
| | District Judge David S. Cercone |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| PA. BOARD OF PROBATION AND PAROLE and JAROME WALSH, | |
| Respondents. | |

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the following reasons, it is respectfully recommended that the petition for writ of habeas corpus filed by Ernest Woodall ("Petitioner") on February 27, 2013 (ECF No. 1) be transferred to the Middle District of Pennsylvania.

**II. REPORT**

Petitioner seeks habeas relief for actions of the Pennsylvania Board of Probation and Parole ("Parole Board") in failing to reinstate his appeal rights, *nunc pro tunc*, following the dismissal of his appeal as untimely challenging the Parole Board's June 27, 2005 recommitment decision.

A prisoner may file a habeas corpus petition in the district court for either one of two districts – the district where he is in custody or the district in which he was convicted. *See* 28 U.S.C. § 2241(d). Thus, if the petitioner is in custody in one district but was convicted in a different district, two district courts have concurrent jurisdiction of the matter. In that instance,

1

the district court in which the petition was filed may transfer the petition to the other in the interests of justice. Id.

Here, Petitioner was convicted in Allegheny County, which is located in this district, but he is incarcerated at SCI-Dallas in Luzerne County, which lies in the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b) and (c). If Petitioner were challenging his underlying conviction in Allegheny County, it would be appropriate for this case to remain in this Court. However, his petition does not attack his conviction but instead challenges the Parole Board's decision in failing to reinstate his appeal rights because his untimely administrative appeal allegedly was the result of "circumstances beyond his control."[1] (ECF No. 1 at 1.) Because both Petitioner and his custodian are located in the Middle District of Pennsylvania, it would be more practical and equitable to transfer the habeas petition to that district. *See* Harris v. Pa. Bd. of Probation and Parole, 2009 U.S. Dist. LEXIS 125819, 2009WL 3151191, at *1 (E.D. Pa. Sept. 28, 2009) (where § 2254 petitioner challenged actions of Parole Board and not the underlying convictions, Court transferred case to the district where petitioner and his custodian were located); Dockins v. Pa. Bd. of Probation and Parole, 2004 U.S. Dist. LEXIS 21811, 2004 WL 2406691, at *1 (E.D. Pa. Oct. 26, 2004) (same); Perez v. Lavan, 2004 U.S. Dist. LEXIS 7159, 2004 WL 838147, at *1 (E.D. Pa. Mar. 29, 2004) (same), *adopted*, 2004 WL 1109691 (E.D. Pa.

---

[1] Importantly, it is unclear from the habeas petition whether the Parole Board's June 2005 decision stems from the administration of Petitioner's judgment of sentence out of Allegheny County. The undersigned believes that it is highly unlikely given the fact that Petitioner was sentenced in Allegheny County on February 1, 2005, to eight to twenty years of incarceration for each of four counts of attempted homicide, to be served consecutively. If transferred, the Middle District should be aware that Petitioner currently has a habeas petition pending in this Court wherein he is seeking habeas relief on his 2005 judgment of sentence out of Allegheny County. *See* Civil Case No. 2:11-cv-607-DSC-LPL. If, by unlikely chance, Petitioner was seeking relief from the Parole Board in connection with his 2005 judgment of sentence out of Allegheny County, then there is a possibility that the instant habeas petition is a second or successive habeas petition. *See* Benchoff v. Colleran, 404 F.3d 812, 818-19 (3d Cir. 2005) ("[E]very Court of Appeals to have addressed the question has required a petitioner to raise claims relating to his or her underlying conviction in the same petition as available claims dealing with the administration of the sentence and has found a petitioner's failure to do so to be an abuse of the writ.")

Apr. 14, 2004). Accordingly, the petition should be transferred, in the interest of justice, to the United States District Court for the Middle District of Pennsylvania.[2]

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for writ of habeas corpus filed by Ernest Woodall ("Petitioner") on February 27, 2013 (ECF No. 1) be transferred to the Middle District of Pennsylvania.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, the parties are allowed fourteen (14) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have

---

[2] If transferred, the Middle District should note that Petitioner indicates that he is seeking habeas relief under 28 U.S.C. §§ 2241 and 2254. Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

In Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001), a Pennsylvania prisoner filed a petition pursuant to 28 U.S.C. §§ 2241 and 2254 challenging a decision of the state parole board denying his application for release on parole. On appeal, the Third Circuit determined that the District Court had no jurisdiction under § 2241, and the exclusive remedy for a state prisoner who challenged his detention is a habeas petition pursuant to § 2254. The Third Circuit explained:

> It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one . . . . In the instant action, both Section 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody. However, with respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second or successive petitions through Section 2244(b). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific govern the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

Coady, 251 F.3d at 484-85 (citations, internal quotation marks and footnote omitted); *accord* Washington v. Sobina, 509 F.3d 613, 619 n.5 (3d Cir. 2007) ("We have held that a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241.") Therefore, no matter what label Petitioner places on his filing, the Middle District should construe Petitioner's request for relief as being filed under 28 U.S.C. § 2254.

3

fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: March 8, 2013.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Ernest Woodall
AP9353
1000 Follies Road
Dallas, PA 18612
(Via U.S. Postal Mail)